COURT COPY

RECEIVED

INT THE DISTRICT COURT OF THE UNITED STATES ⌐3 P 3: 30

MIDDLE DISTRICT OF ALABAMA

MONTGOMERY DIVISION

DANIEL LAFITTE DUMONDE,          )
              MOVANT/Petitioner,  )
                                  )
V.                                )     CASE No. 2:06-CV-889-MHT
                                  )
F.P.C. MONTGOMERY, Et. Al.,—      )     IN Re: §Writ of Habeas-
(1.) D. DREW, WARDEN              )     Corpus, U.S. SUPREME COURT;
(2.) MICHAEL L. STEPHENS          )     Certiorari from APPEALS No.(s)
(3.) A. RABIDOU                   )     05-12349-I, 04-15104;
(4.)R. PIERCE,(5.) Mr. Briggs,    )     -06-10684-E: DuMonde V.
         DEFNDANTS/RESPONDENTS.   )     Jefferson County Sheriff
_____/

## MOTION FOR TEMPORARY RESTRAINING ORDER, RULE 65(b)
## AND DECLATORY RELIEF

COMES NOW, MOVANT, DANIEL LAFITTE DuMONDE, appearing      Pro-Se
in this Honorable Court seeking Emergency Relief from Manifest-
Injustice. Under Exigent Circumstances, Respectfully Moves the
the Court to find, upon examination of the facts verified by the
Exhibits Attached and Verified Complaint Below, that without this
court's   Decretal   Interdict,   Movant/Petitioner   will   suffer
irreperable-injury and loss before the defendant/respondents or
representative can be heard in opposition. Petitioner states that
the issues are fundamental: That he is being DENIED TIMELY ACCESS
TO THE COURTS AND THE DUE PROCESS BY WHICH TO ACCESS THEM BY
ARBITRARY, VINDICTIVE AND UNCONSTITIONAL ACTS OF THE DEFENDANT/-
RESPONDENTS. In support of these contentions, Movant would show
the Court as Follows:

That Movant is an inmate at Federal Prison Camp, Montgomery,
That he has current open issues in THE SUPREME COURT OF THE-
-UNITED STATES, a HABEAS CORPUS PETITION, and other Certiorari -

(PAGE ONE)

-Issues for which he is seeking Appeal in that Court.

In a continual pattern of reckless disregard for the Rights of this Pro-Se inmate and litigant, Respondents have and continue to inflict Unreasonable acts made outside Bureau of Prisons Policy, suffice to say the Constitution. Exercising a capricious and clear abuse of power and discretion, have proceeded to illegally Deny Due Process of Law, where such acts have, continue and currently are Depriving Petitioner of Effective Representation on Appeal, Timely and Appropriate Access to the Courts, resulting in this Exigent Cause.

## ADMINISTRATIVE REMEDY

That Administrative Remedy has been attempted, in this instance by written and verbal request to Unit Mangager, Mr. M.L. Stephens, where failure has occurred there, The Assistant Warden, Mr. Purdue, was contacted. The issues herein were then addressed to the Warden personally by written, then verbal request, to no avail of meaningful resolution. That it has been judicially held that Administrative Remedy may be excused when any of the following circumstances apply, which ALL APPLY IN THIS CASE:
(1.) available remedies provide no "genuine opportunity for adequate relief";
(2.) irreperable injury may occur without immediate judicial -relief;
(3.) administrative appeal would be futile; and
(4.) in certain instances when a plaintiff has raised a "substantial constitutional question".

MOVANT ASSERTS THAT 1-4 ABOVE APPLY HERE.

While Movant is continuing his Administrative Remedy through the Southeast Region of the Bureau of Prisons, it is absolutely necessary to now seek Intervention of this Court, if this inmate and Pro-se litigant is to now have any chance to relief of any issue on Appeal.

The grievance system is in effect being **denied**[*1] to this inmate. That is, when on several occassions, where respondents subordinate to the Warden receive this inmate's grievances, they simply -"disappear" **after being submitted to the particular** staff **member.** The staff member then claiming **they have no knowledge** of what happened to that written grievance submission.

The Warden has **been made aware of this** by verbal complaint. The warden has exhibited deliberate indifference to this inmate's particular and unique-to-this-camp problems of **acquiring even bare necessity items for which to defend, prosecute or appeal his factually complex legal issues in the courts.** Simply because this inmate may be the **ONLY INMATE HERE** THAT IS ACTIVELY PURSUING ANY APPEAL STRICTLY IN **PRO-SE,** WITHOUT ANY OTHER COUNSEL. MOVANT DOES NOT EXPECT ANYTHING MORE THAN WHAT IS DUE TO HIM **BY POLICY,** yet has consistently been DENIED the Basics.

## INSTANT ISSUE AFFIDAVIT

1 Petitioner/Movant received a letter from THE UNITED STATES-**SUPREME COURT,** dated July 5, 2006, advising Petitioner that he has **90-Days to submit petition of Certiorari to that court, in the above referenced Appeal-06-10684-E.** - (**ATTACHED EXHIBIT-"A"**)

2 Petitioner was working on a his Habeas-Corpus Petition-

**(PAGE THREE)**

*1  See  Attached **EXTRA EXHIBIT-** BP-11,  complaining of "disappearnce" -of **Grievances,** to General Counsel, this issue being Admin.-Exhausted.

-at the time of receiving the letter, and allowed himself ample time to Appeal this other Issue, a civil suit of a Municipal Corporation: DuMonde v. Jefferson County Sheriff.

3. With 23-DAYS remaining for this deadline Certiorari Appeal, Petitioner Made written Request to Michael L. Stephens, Unit Manager, for (10-DAYS) TEN DAYS LEGAL IDLE from his Regular Work Duty for which to prepare and submit this Appeal.

4. Mr Stephens waited FOUR DAYS, then DENIED MY REQUEST FOR TIME OFF FROM WORK, citing that"You have had plenty of time"for which to take care of this Appeal since July 5, 2006, and cited also that I had been off Work on legal Idle too much-IN THE PAST.

5. Petitioner then went to the Warden and tried to explain the situation, who then made petitioner fill out another Request form and submit that to her Secretary. -(ATTACHED EXHIBIT-"B")

6. At the time of the request to the Warden, Sept.14,FOUR of 23-DAYS REMAINING TO DEADLINE, HAD EXPIRED. THE Warden then took an additional SIX-DAYS to grant the Idle-Time Requested, after - Petitioner REMINDED HER ON A DAYLEY BASIS OF THE EXPEDIENCY OF THE MATTER.

7. When the WARDEN'S RESPONSE WAS RECEIVED TEN DAYS HAD LAPSED FROM THE TIME OF THE ORIGINAL REQUEST,-AND-THE RESPONSE, ONLY PARTIALLY GRANTED THE TIME REQUESTED: THE WARDEN GAVE PETITIONER-ONLY SEVEN-DAYS FOR WHICH TO BE OFF FROM WORK-AND-ADDITIONALLY ADDED EXTRA-ADMINISTRATIVE RESTRICTIONS AND CONDITIONS,-CONDITIONS NOT CONTAINED IN ANY B.O.P. POLICY, NOR REQUIRED OF OTHER INMATES WHEN SEEKING TIME OFF FROM WORK FOR LEGAL PURPOSES.              (PAGE FOUR)

8. These extra-administrative restrictions were **(1.)** I had to go to work for TWO-HOURS <u>BEFORE</u> going to the Law-Library. (2.) THAT I HAD **ONLY FIFTEEN MINUTES** AFTER COMPLETING THE TWO-HOURS WORK, FOR WHICH <u>TO GATHER ANY LEGAL MATERIALS NECESSARY</u> TO BRING TO THE LAW LIBRARY [*2]; (3) THAT I COULD NOT DEPART FROM THE LAW-LIBRARY FOR **SIX-CONSECUTIVE HOURS**, <u>EXCEPT</u> to:(a): **a thirty minute lunch break;(b) official call out;(c)** <u>OFFICIAL MEDICAL</u> <u>NECESSITY.</u>           (SEE    Warden's    letter,9/20/06,ATTACHED-
                            -<u>Id</u>. conditions at Paragraph 3.)
                                -SEE EXHIBIT-**"C"**

9. Petitioner subsequently wrote a complaint against Mr. Stephens for consistently denying Rights provided by  the <u>Constitution and</u> <u>Bureau of Prison Policy,</u>[*3]citing Objection that every time I wish to apply for any legal accomdations, Photo Copies, Legal Idle, etc., he-(Stephens) denies those,forcing me to seek same elsewhere, and thus causing me great injury by frustrating my particular legal-cause.

10. Only    after    making   the    Written  Complaint  against  Mr. Stephens, Ms. Rabidou, <u>Case Manager</u>, started showing up at the Law-Library, peaking in several times per day at Petitioner. **Other-**inmates working in the Law Library, said Ms. Rabidou was-<u>looking -</u> <u>through my legal-papers, whenever I went to the restroom.</u> NOTE:Ms.-Rabidou does not work in the Law-Library building. it is not part of her job as Case Manager to supervise inmates in the Education Building/Law Library, and <u>NO OTHER INMATES WERE SUBJECTED TO THE</u> <u>SEARCH OF THEIR LEGAL-PAPERS.</u>

---

[*2] Given **FIFTEEN MINUTES** to sort through More Than 1000-Pages in this case.
[*3] **§28 CFR Ch. V** (7-1-04 Edition) BUREAU OF PRISONS POLICY, STATES at .§543.11-(g) that Photo- Copies **SHALL** duplicate legal-papers, if inmate is without funds. (i) SHALL give time off work.

11. On **Sept. 27,** Petitioner was in the law Library working on the Certiorari referenced herein. Consistent with a **LEGALLY DECLARED -MEDICAL DISABILITY-(L-4-L-5, Spinal Injury)**\*4   Petitioner then left the Law-Library and  went directly back to his cube-living area building  for the purpose of taking **Ibuprophen, which was prscribed by the Doctor for the Back-Pain**.

12. While at the cube-living area, Mr. Stephens confronted me there, and **ANGRILY SHOUTED** that **I** WAS NOT AUTHORIZED TO LEAVE THE LAW LIBRARY. Petitioner told Mr. Stephens that the- **WARDENS LETTER-(Exhibit-B)-language ALLOWED FOR DEPARTURE FROM THE LIBRARY FOR:"OFFICIAL MEDICAL NECESSITY"**\*5. Mr, Stephens then stormed -away.

13. Several Hours after this incident, I was called to The -Lieutenant's Office, where I was served a copy of an Incident report written by Ms. A. Rabidou, describing my leaving of the Law-Library as UNAUTHORIZED.   **(SEE ATTACHED EXHIBIT-"D" )**

14. I was then harrassed by being called down to Lt. Toliver's Office for questioning about the incident and report, an ordeal that took **FOUR HOURS of my time.** During those meetings, I explained that -I was GONE FROM THE LAW -LIBRARY FOR LESS THAN 5-MINUTES, to obtain **MEDICAL NECESSITY**, this being cited in the Warden's conditions-(Exhibit-C")-as one of The Reasons that I was- ALLOWED to leave the Library.

15. ON SEPT. 29, was then called into a "UDC" meeting-for the

\*4 Petitioner's Medical Disability is on file with B.O.P.
\*5  "Offical Medical Necessity should reasonably be understood as a Disabled Person accessing Pain Medication.

-punishment of leaving the Law-Library for the specific -purpose of obtaining Pain Medication prescribed for a lawfully recognizd medical disability. Counselor **Mr. Briggs,** -ignored the language in **Warden's-(Exhibit-B)** document which states- Petitioner could leave the Law Library for "Medical Necessity", and PROCEEDED TO SANCTION THIS INMATE- TO :SEVEN DAYS CONFINEMENT TO HIS LIVING QUARTERS WITHOUT ACCESS TO THE LAW LIBRARY.    -(SEE ATTACHED, EXHIBIT-"E")

.16. **MR. STEPHENS** was overheard talking to the Assistant Warden, SEpt. 27, -same day Ms. Rabidou wrote the incident **Report** against Petitioner-saying, that:**"He needs to go"**,and- **"If he gets enough Write-Ups, we could transfer him"**.    This conversation appeared to be concerning this inmate.

17. Petitioner has filed a "Writ for Habeas Corpus" to The SUPREME COURT, and is actively being Restricted, Impeded- and Impaired in perfecting the Writ by preparing a needed Amicus Curaie brief and Motion for Bond, as well as being unduly restrained in his other Certiorari Issues on Appeal.

THe Above verified complaint sworn under- - penalty for Perjury, and Title 28, U.S.C., §1746,

/s/. _(signature)_

DANIEL L. DUMONDE, PETITIONER

### IN SUMMARY

That Mr. Stephens, Unit Manager, has in fact acted outside Bureau of Prisons Policy in denying this inmate Petitioner legal Idle from Work for which to prepare Certiorari ¯

-and this fact is PROVEN by the Warden's response letter granting what Mr. Stephens denied. However, the legal-Idle was GRUDGINGLY GRANTED, and the Warden proceeded to Unfairly Restrict and Unconstitutionally Restrain Petitioner in his ability to unitilize the "Legal Idle" to the appropriate benefit of the cause, by imposing unreasonable conditions such as having to first work for TWO HOURS, and then allowing only -"15-MINUTES TO "GATHER ANY LEGAL WORK",   and then  restricting petitioner to the LAW LIBRARY, -CONDITIONS NOT IMPOSED ON ANY OTHER INMATE WHEN ALSO  APPLYING FOR THE SAME LEGAL REQUEST.

Thus the  Staff    further proceeded to HARRASS petitioner during  the  course  of  his  legal  preparations,  and  when Petitioner did unitilize one of the exceptions provided by the Warden's grant of legal Idle-returning to his living quarters   for   less   than   5-minutes   to   access   PAIN MEDICATION,or "OFFICIAL MEDICAL NECESSITY", this Petitioner was PUNSISHED BY BEING RESTRICTED TO HIS LIVING AREA, AND NOT ALLOWED TO ACCESS THE LAW LIBRARY.

MR. STEPHENS, THE WARDEN, Et. Al, are FULLY  AWARE,  AND PREVIOUSLY AWARE OF THIS PETITIONER'S STATUS AS EXCLUSIVELY PRO-SE REPRESENTATION IN SEVERAL OPEN ISSUES TO THE SUPREME COURT. THE WARDEN HAS BEEN SERVED COPY BY CERTIFIED MAIL OF THIS INMATE'S  WRIT FOR HABEAS CORPUS, 28 U.S.C. §2241- PETITION. PETITIONER'S MEDICAL DISABILITY IS ON FILE HERE. YET, ARBITRARY AND CAPRICIOUS ACTS CONTINUE TO BE INFLICTED OUTSIDE BOP POLICY AND CONSTITUTIONAL GURANTEES TO DUE -PROCESS.

I am now being prohibited from preparing Documents for Certiorari and relative Motions to perfect a Writ Of Habeas Corpus, filed already with the Supreme Court.

> "the state and it's officers may not abridge or impair petitioner's right to apply to a Federal court for a writ of habeas corpus"
> EX PARTE HULL, 312 U.S. 546(1941)

In GILMORE V. LYNCH, 404 U.S. 15, (1971), The District Court    stated    that the access to the courts is a right which encompasses "all the means a defendant or petitioner might require to get a fair hearing from the judiciary on all charges brought against him-or grievances alledged by him", and THE SUPREME COURT AFFIRMED THE DISTRICT COURT HERE.

"The touchstone of Due Process is protection of the -individual against arbitrary government action" WOLF V.- McDONNELL, 418 U.S. 539 41 L. Ed 2d 935, 94 S Ct 2693

## RELIEF

### I. RESTRAINING ORDER.

Petitioner respectfully moves the court for order restaining the defendants from continuing to impede and impair, restrict and deny this Appellant/petitioner's ability to effectively prepare and represent his various causes to The Supreme Court. That is, to restrain the Defendant's from denying to petitoner any legal pursuit allowed by Bureau of Prison Policy, in accordance with the Constituion and Laws of The United States rightfully due under the circumstances. ( PAGE NINE)

2. That the restraining order specifically address the petitioner's right to access the Law Library, without extra-administrative/vindictive conditions that are not inflicted on other inmates who in like circumstance access the same.

## II. DECLATORY RELIEF

Petitioner seeks a declatory Judgement issued to the ALL DEFENDANT PARTIES, as the Warden has demonstrated an apathy and indifference to the arbitrary amd malicious acts of her staff concerning the grievances above.

Specifically, that this court define RULE 36 of THE SUPREME COURT RULES governing HABEAS CORPUS PETITIONERS, as the defendants have discussed "transferring of this prisoner" -for vindictive/retaliatory purposes.

RULE 36, governing custody of Prisoners in Habeas proceedings, (1) states: "Pending review in (that) court...."the person having custody of the prisoner may not transfer to another person unless transfer is authorized by this Rule".

(2.) States: "Upon application by a custodian, the court ,Justice or Judge who entered the decision under review may authorize the transfer and the substitution of a sucessor custodian as party.

Any transfer would frustrate Habeas Corpus proceedings at this point, as an AMICUS CURIAE BRIEF IS NECESSARY TO NOTIFYING THAT COURT OF EXTRANEOUS CIRCUMSTANCES NOT CLEAR IN THE ORIGINAL PETITION. LIKEWISE, A MOTION FOR BOND WILL BE SUBMITTED THERE.

WITHOUT THIS COURT'S DECRETAL INTERDICT, PETITIONER WILL ALMOST CERTAINLY SUFFER GREATER DEPRIVATIONS OF HIS RIGHTS TO ACCESS THE COURTS, RESULTING IN IRREPARABLE INJURY.

ON THE ABOVE PREMISES CONSIDERED, YOUR PETITIONER MOVES FOR THE DECLATORY RELIEF AND RESTRAINING ORDER, AS NECESSSARY TO THIS INMATE AND PRO-SE PETITIONER/APPELLANT"S EFFORTS IN OBTAINING OF MEANINGFUL JUSTICE ON CERTIORARI APPEAL, AND FROM FUTHER GRAVE INJUSTICE, AS ASSERTED IN HIS WRIT OF HABEAS CORPUS, TO  WHICH THE WARDEN , AS PARTY THERE, HAS BEEN SERVED COPY OF SAME.

RESPECTFULLY SUBMITTED,

THIS___2___DAY OF OCTOBER, 2006,

By-

DANIEL L. DUMONDE, PETITIONER,

-PRO-SE,

#21609-001, MOBILE-B

F.P.C. MAXWELL A.F.B.

MONTGOMERY,     ALABAMA,     36112

(PAGE ELEVEN)

## PROOF OF SERVICE

I, DANIEL L. DUMONDE, DO HEREBY SWEAR AND AFFIRM THAT I HAVE CAUSED A TRUE COPY OF THE FOREGOING "MOTION FOR TEMPORARY RESTRAINING ORDER, RULE 65(b) AND DECLATORY -RELIEF", to be placed in the mail box of this institution and addressed to the following:

WARDEN, D. DREW                           MICHAEL L. STEPHENS
FEDERAL PRISON CAMP, MAXWELL AFB          UNIT- MANAGER.
MONTGOMERY, ALABAMA, 36112                F.P.C. MONTGOMERY, 36112


SWORN BY TITLE 28 U.S.C. §1746,

AND DONE,

THIS _2_ DAY OF OCTOBER, 2006,

By- _____

DANIEL L. DuMONDE, PETITIONER, PRO-SE
#21609-001, MOBILE-B
FEDERAL PRIOSN CAMP, MAXWELL AFB
MONTGOMERY, ALABAMA, 36112

# EXHIBIT A

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
### WASHINGTON, DC 20543-0001

July 5, 2006

Daniel Lafitte Dumonde
#21609-001, Mobile B
Federal Prison Camp
Maxwell AFB
Montgomery, AL 36112

RE: Dumonde v. Jefferson Cty. Sheriff, et al.

Dear Mr. Dumonde:

The enclosed papers were received on July 5, 2006. These papers fail to comply with the Rules of this Court and are herewith returned.

You may seek review of a decision only by filing a timely petition for writ of certiorari. The papers you submitted are not construed to be a petition for writ of certiorari. Should you choose to file a petition for writ of certiorari, you must submit the petition within the 90 day time limit allowed under Rule 13 of the Rules of this Court. A Copy of the Rules of this Court and a sample petition for a writ of certiorari are enclosed.

Sincerely,
William K. Suter, Clerk
By:

M. Blalock
(202) 479-3023

Enclosures

EXHIBIT "A"

# EXHIBIT B

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

2.06-CV-889-MHT

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) WARDEN - D. DREW | DATE: SEPT. 14, 2006 |
|---|---|
| FROM: DUMONDE, DANIEL | REGISTER NO.: 21609-001 |
| WORK ASSIGNMENT: CO-8 CUSTODY | UNIT: MOBILE - B |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

REQUEST FOR LEGAL-IDLE, FOR PURPOSES OF APPEAL-
(CERTIORARI)-TO U.S. SUPREME COURT.
I WAS GIVEN (90)-DAYS FROM JULY 5, 2006, BY
LETTER CITING RULES OF THAT COURT. (THE DEADLINE
-IS OCT. 3.)-(LETTER ATTACHED)
TEN DAYS (10) IS REQUESTED AS NECESSARY TO
THIS PURPOSE.

RESPECTFULLY,

DANIEL DUMONDE

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

EXHIBIT - "B"

# EXHIBIT

# C

2.06 CV-889 MHT

U.S. Department of Justice
Federal Bureau of Prisons

**RESPONSE TO INMATE REQUEST**

| From: | DUMONDE, Daniel | 21609-001 | Mobile B | FPC Montgomery |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**RESPONSE/DISPOSITION**

This is in response to your Inmate Request to Staff dated September 14, 2006, in which you request ten days legal idle for the purpose of Certiorari Appeal to the U.S. Supreme Court.

We have reviewed your request and discussed this issue with the Regional Counsel, Southeast Regional Office, and have determined that your requests for legal idles are in excess of the normal. However, based upon your attached submission of a letter from the court which indicates that there is an imminent deadline October 3rd, 2006 for the submission of the Appeal, you are being granted seven days of legal idle. Further, your request is being granted under the following conditions. If at any time it is discovered that you are not in compliance with the following parameters, then your legal idle request is terminated effective the time of offense.

1) Your normal work detail hours are from 0600 hrs until 1430 hrs. The Law Library does not open until 0830 hrs, therefore you are to report to your official work detail of C08 Custody AM from 0600 hrs until 0815 hrs. From 0830 hrs until 1430 hrs your place of duty is the law library. From 0815 hrs until 0830 hrs, you are allowed to gather any legal materials necessary to bring to the law library. You are permitted to depart the law library only for the following reasons: a) 30-minute lunch break, b) official call-out, or c) official medical necessity.

2) While you are on official legal idle time, you are to be working on the case of **Dumonde v. Jefferson City Sheriff, et al.** and **ONLY** this particular case. You are not to be working on any other legal matter during this time. Further, according to Regional Counsel, Southeast Regional Office, staff members do have the authority to verify that the legal matters you are working on pertain to the above mentioned case.

I trust this information is responsive to your concerns.

| 9/20/06 | | | |
|---|---|---|---|
| DATE | | SIGNATURE | |

EXHIBIT-"C"

# EXHIBIT

# D

2:06-CV-889-MHT

INCIDENT REPORT cdfrm

DEPARTMENT OF JUSTICE                                        FEDERAL BUREAU OF PRISONS

1. Name of Institution:    FPC    MONTGOMERY

## PART I - INCIDENT REPORT

| 2. Name of Inmate | 3. Register Number | 4. Date of Incident | 5. Time |
|---|---|---|---|
| DUMONDE, Daniel | 21609-001 | 09-27-2006 | 12:45 pm |

| 6. Place of Incident | 7. Assignment | 8. Unit |
|---|---|---|
| MOBILE UNIT | C08 CUST AM | O02-005L |

| 9. Incident: Being in Unauthorized area. | 10. Code 316 |
|---|---|

11. Description of Incident   (Date: 09-27-06 and Time: 12:45 p m Staff became aware of incident)
ON 09-27-2006 AT 12:45 PM, I was conducting a walkthrough of the education department.  I walked into the Law Library to account for inmate Dumonde # 21609-001 who was supposed to be at the Law Library from 0830 hrs to 1430 hrs.  Inmate Dumonde was not at the law library.  After checking the remainder of the education classrooms and not finding inmate Dumonde, I called the Unit Manager to assist in locating the inmate.  Unit Manager Stephens conducted a check of the unit and found that inmate Dumonde was in his cube where he was not authorized to be betwween the hours of 0830 until 1430.

| 12. Signature of Reporting Employee | Date and Time 09-27-2004 @ 3:15 pm | 13.  Name and Title (printed) A. RABIDOU, CASE MANAGER |
|---|---|---|

| 14.  Incident Report Delivered to above inmate by: Lt B Smith | 15. Date Incident Report delivered 9/27/06 | 16. Time Incident Report Delivered 5 30 pm |
|---|---|---|

## PART II - COMMITTEE ACTION

17.  Comments of Inmate to Committee Regarding Above Incident
Inmate Daniel Dumonde #21609-001 stated, "I was gone less then 5 minutes for medical purposes."

| 18. A. It is the finding of the Committee that you:  ✓ Committed the following prohibited act:    316    Did not commit a prohibited act. | B. ___ The Committee is referring the charge(s) to the DHO for further hearing C. ✓ The Committee advised the inmate of its findings and of the right to file an appeal within 15 calendar days. |
|---|---|

19. Committee Decision is based on the following information:
The UDC decision is based on A. Rabidou, Case Manager statement that during her check of the Education building, Inmate Dumonde was not in his assigned area during 0830 hours to 1430 hours.

20. Committee Action and/or recommendation if referred to DHO (contingent upon DHO finding inmate committed prohibited act)
The UDC sanctions are 7 days quarters restrictions effective 09-30-2006  to  10-07-2006.

21. Date and Time of Action 09-29-06  9:30 am (The UDC Chairman's signature next to his name certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)
B. Briggs PR Bam                    M. Rowe
Chairman (typed name/signature)    Member (typed name)          Member (typed name)

Record Copy - Central File Record; Copy - DHO; Copy - Inmate after UDC Action; Copy - Inmate within 24 hours of Part I preparation
(This form may be replicated via WP)                              Replaces BP-288(52) of Jan. 88

EXHIBIT - D

# EXHIBIT

# E

2:06-CV-889-MHT

Date: 09-29-06

Reply to
Attn of: Barry Brigg, Conselor

Subject:   Inmate Restrictions   RE: __Daniel Dumonde__    __21609-001__
                                        Inmate's Name          Reg. No.

To:        All Concerned Staff
           Lt. Office
           Compound/Unit Officer
           Telephone Monitor
           Recreation/Commissary Staff

As a result of sanction(s) imposed by the Unit Disciplinary Committee(UDC), the above-named individual is:

____✓____ Restricted to his quarters from __09-30-2006__ to __10-07-06__ He is allowed to go to sick call, work, dining room, assigned education programs, scheduled religious services, scheduled call-outs and visits. The inmate must check in and out with the Unit Staff, officer or Lieutenant on duty. With the above exceptions and excluding use of the restroom , **any movement** outside of the inmate's cubicle area must be approved by a staff member.

_____ Commissary Restriction from _____ to _____

_____ Telephone Restriction from _____ to _____

_____ Recreation Restriction from _____ to _____

_____ Other: _____ from _____ to _____

These restrictions were imposed in an effort to correct the inmate's present inappropriate behavior.

I understand the conditions of the above indicated restrictions and realize failure to comply, may result in additional disciplinary action.

__Inmate Daniel Dumonde # 21609-001  refused to sign.  09-29-2006__
Inmate's Signature          Reg. No.          Date

B. Brigg, Conselor

EXHIBIT - "E"

2: 06- CV- 889. MHT

# Extra

U.S. Department of Justice

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

**\*BP-9, and BP-10 ATTACHED.**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| From: | DUMONDE, DANIEL, L. | #21609-001 | MOBILE-B | F.P.C. MONTGOMERY |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

Part A—REASON FOR APPEAL - I HAVE BEEN DENIED THE RIGHT TO THE DUE PROCESS OF ADMIN
-ISTRATIVE REMEDY AND APPEAL, by Apparent act of intentional SUBTERFUGE.

1. Seeking Appeal of UDC Sanction for failing to be at work, and 20-HOURS OF EXTRA-DUTY, a BP-9 was submitted to Connselor, Mr. Pierce, (FILED MARCH 21,'06)

2. A Response was Due to the BP-9, on APRIL 10, 2006.

3. On MAY 30, I complained to Pierce that NO RESPONSE WAS EVER FORTHCOMING,- and this is reflected by the "print out" Receipt, Attached to BP-10).

4. I SUBSEQUENTLY FILED A BP-10, explaining that the BP-9-WAS NEVER RECEIVED.

5. Dated June 7, 06, Region returned the BP-10 stating that (REMARKS): (I) HAD 20 DAYS FROM 3-31-2006 TO APPEAL TO THE REGIONAL OFFICE". (REJECTED)

6. ON JUNE 26,2006, I RECEIVED THE BP-9-BACK IN THE INMATE MAIL, which was-signed by the Warden on 3-31-2006. I again complained to COUNSELOR PIERCE, WHO CLAIMED HE DID NOT KNOW WHY OR HOW THE BP-9 DISAPPEARED FOR THREE MONTHS.\*

DATE  JULY 8, 2006                                    SIGNATURE OF REQUESTER

Part B—RESPONSE                    \*I EXPECT EXPUNGEMENT-AND INVESTIGATION OF THIS MATTER

EXTRA
EXHIBIT
BP-11 - TO
WASHINGTON, DC

_____
DATE                                                    GENERAL COUNSEL

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE          CASE NUMBER: _____

Part C—RECEIPT                                           CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION
SUBJECT: _____

_____
DATE                                    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL          BP-231(13)
USP LVN                              Previous editions not usable                              APRIL 1982

2:06-CV-889-MHT

# POLICY

Case 2:06-cv-00889-MJT-VPM   Document 8-3   Filed 10/03/2006   Page ...

§ 543.1

# PART 543—LEGAL MATTERS

## Subpart A [Reserved]

## Subpart B—Inmate Legal Activities

Sec.
543.10 Purpose and scope.
543.11 Legal research and preparation of legal documents.
543.12 Visits by attorneys.
543.13 Retention of attorneys.
543.14 Limitation or denial of attorney visits.
543.15 Items and correspondence.
543.16 Legal aid program.
543.17 Other paralegals, clerks, and legal assistants.

## Subpart C—Federal Tort Claims Act

543.30 Purpose and scope.
543.31 Filing a claim.
543.32 Processing the claim.

AUTHORITY: 5 U.S.C. 301; 18 U.S.C. 3621, 3622, 3624, 4001, 4042, 4081, 4082 (Repealed in part as to offenses committed on or after November 1, 1987), 5006-5024 (Repealed October 12, 1984 as to offenses committed after that date), 5039; 28 U.S.C. 509, 510, 1346(b), 2671-2680; 28 CFR 0.95-0.99, 0.172, 14.1-14.11.

## Subpart A [Reserved]

## Subpart B—Inmate Legal Activities

SOURCE: 44 FR 38263, June 9, 1 , unless otherwise noted.

### § 543.10  Purpose and scope.

The Bureau of Prisons affords inmates reasonable access to legal materials and counsel, and reasonable opportunity to prepare legal documents. The Warden shall establish an inmate law library, and procedures for access to legal reference materials and for preparation of legal documents.

[46 FR 59509, Dec. 4, 1981]

### § 543.11  Legal research and preparation of legal documents.

(a) The Warden shall make materials in the inmate law library available whenever practical, including evenings and weekend hours. The Warden shall allow an inmate a reasonable amount of time, ordinarily during the inmate's leisure time (that is, when the inmate is not participating in a scheduled program or work assignment), to do legal research and to prepare legal documents. Where practical, the Warden shall allow preparation of documents in living quarters during an inmate's leisure time.

(b) The Warden shall periodically ensure that materials in each inmate law library are kept intact and that lost or damaged materials are replaced.

(c) Staff shall advise an inmate of the rules and local procedures governing use of the inmate law library. Unauthorized possession of library materials by an inmate constitutes a prohibited act, generally warranting disciplinary action (see part 541 of this chapter).

(d) An inmate's legal materials include but are not limited to the inmate's pleadings and documents (such as a presentence report) that have been filed in court or with another judicial or administrative body, drafts of pleadings to be submitted by the inmate to a court or with other judicial or administrative body which contain the inmate's name and/or case caption prominently displayed on the first page, documents pertaining to an inmate's administrative case, photocopies of legal reference materials, and legal reference materials which are not available in the institution main law library (or basic law library in a satellite camp).

(1) An inmate may solicit or purchase legal materials from outside the institution. The inmate may receive the legal materials in accordance with the provisions on incoming publications (see subparts H and F) or through an authorized attorney visit (see 28 CFR part 540, subparts H and F) or through an authorized attorney visit from a retained attorney. The legal materials are subject to inspection and may be read or copied unless they are received through an authorized attorney visit from a retained attorney (for example, mail from a court, or from an attorney), in which case they may be inspected for contraband or for the purpose of verifying that the mail qualifies as special mail.

(2) Staff may allow an inmate to possess those legal materials which are necessary for the inmate's own legal actions. Staff may also allow an inmate to possess the legal materials of another inmate subject to the limitations of paragraph (f)(2) of this section.

The Warden may limit the amount of legal materials an inmate may accumulate for security or housekeeping reasons.

(e) An inmate is responsible for submitting his documents to court. Institution staff who are authorized to administer oaths shall be available to provide necessary witnessing of these documents, as requested by inmates and at times scheduled by staff.

(f)(1) Except as provided for in paragraph (f)(4) of this section, an inmate may assist another inmate in the same institution during his or her leisure time (as defined in paragraph (a) of this section) with legal research and the preparation of legal documents for submission to a court or other judicial body.

(2) Except as provided for in paragraph (f)(4) of this section, an inmate may possess another inmate's legal materials while assisting the other inmate in the institution's main law library and in another location if the Warden so designates.

(i) The assisting inmate may not remove another inmate's legal materials, including copies of the legal materials, from the law library or other designated location. An assisting inmate is permitted to make handwritten notes and to remove those notes from the library or other designated location (if the notes do not contain a case caption or document title or the name(s) of any inmate(s)). The assisting inmate may also develop and possess handwritten drafts of pleadings, so long as the draft pleadings do not contain a case caption or document, title or the name(s) of any inmate(s)). These notes and drafts are not considered to be the assisting inmate's legal property, and when the assisting inmate has these documents outside the law library or other designated location, they are subject to the property limitations in §551.11(a) of this chapter.

(ii) Although the inmate being assisted need not remain present in the law library or other designated location while the assistance is being rendered, that inmate is responsible for providing and retrieving his or her legal materials from the library or other designated location. Ordinarily, the inmate must provide and retrieve his or her legal materials during his or her leisure time. An inmate with an imminent court deadline may request a brief absence from a scheduled program or work assignment in order to provide or retrieve legal materials from an assisting inmate.

(3) The Warden may give special consideration to the legal needs of inmates in mental health seclusion status or federal medical centers or to inmates in controlled housing.

(4) The Warden at any institution may impose limitations on an inmate's assistance to another inmate in the interest of institution security, good order, or discipline.

(g) The institution staff shall, upon an inmate's request and at times scheduled by staff, duplicate legal documents if the inmate demonstrates that more than one copy must be submitted to court and that the duplication cannot be accomplished by use of carbon paper. The inmate shall bear the cost, and the duplication shall be done so as not to interfere with regular institution operations. Staff may waive the cost if the inmate is without funds or if the material to be duplicated is minimal, and the inmate's requests for duplication are not large or excessive.

(h) Unless clearly impractical, the Warden shall allow an inmate preparing legal documents to use a typewriter, or, if the inmate cannot type, to have another inmate type his documents. The Warden may allow the inmate to hire a public stenographer, but the institution may not assume the expense of hiring the public stenographer. Staff shall advise the inmate of any delay in the typing of which they have received notice from the stenographer.

(i) The Warden shall give special time allowance for research and preparation of documents to an inmate who demonstrates a requirement to meet an imminent court deadline. Otherwise, each inmate shall continue his regular institutional activities without undue disruption by legal activities.

(j) With consideration of the needs of other inmates and the availability of staff and other resources, the Warden shall provide an inmate confined in disciplinary segregation or administrative

2. 06-CV-889- MHT

# LAW

Case 2:06-cv-00889-MHT-VPM    Document 1-9    Filed 10/03/2006    Page 2 of 2

name of the substituted party, but any misnomer not affecting substantial rights of the parties will be disregarded.

4. A public officer who is a party to a proceeding in this Court in an official capacity may be described as a party by the officer's official title rather than by name, but the Court may require the name to be added.

### Rule 36. Custody of Prisoners in Habeas Corpus Proceedings

1. Pending review in this Court of a decision in a habeas corpus proceeding commenced before a court, Justice, or judge of the United States, the person having custody of the prisoner may not transfer custody to another person unless the transfer is authorized under this Rule.

2. Upon application by a custodian, the court, Justice, or judge who entered the decision under review may authorize transfer and the substitution of a successor custodian as a party.

3. (a) Pending review of a decision failing or refusing to release a prisoner, the prisoner may be detained in the custody from which release is sought or in other appropriate custody or may be enlarged on personal recognizance or bail, as may appear appropriate to the court, Justice, or judge who entered the decision, or to the court of appeals, this Court, or a judge or Justice of either court.

(b) Pending review of a decision ordering release, the prisoner shall be enlarged on personal recognizance or bail, unless the court, Justice, or judge who entered the decision, or the court of appeals, this Court, or a judge or Justice of either court, orders otherwise.

4. An initial order respecting the custody or enlargement of the prisoner, and any recognizance or surety taken, shall continue in effect pending review in the court of appeals and in this Court unless for reasons shown to the court of appeals, this Court, or a judge or Justice of either court, the order is modified or an independent order respecting custody, enlargement, or surety is entered.

### Rule 37. Brief for an Amicus Curiae

1. An *amicus curiae* brief that brings to the attention of the Court relevant matter not already brought to its attention by the parties may be of considerable help to the Court. An *amicus curiae* brief that does not serve this purpose burdens the Court, and its filing is not favored.

2. (a) An *amicus curiae* brief submitted before the Court's consideration of a petition for a writ of certiorari, motion for leave to file a bill of complaint, jurisdictional statement, or petition for an extraordinary writ, may be filed if accompanied by the written consent of all parties, or if the Court grants leave to file under subparagraph 2(b) of this Rule. The brief shall be submitted within the time allowed for filing a brief in opposition or for filing a motion to dismiss or affirm. The *amicus curiae* brief shall specify whether consent was granted, and its cover shall identify the party supported.

(b) When a party to the case has withheld consent, a motion for leave to file an *amicus curiae* brief before the Court's consideration of a petition for a writ of certiorari, motion for leave to file a bill of complaint, jurisdictional statement, or petition for an extraordinary writ may be presented to the Court. The motion, prepared as required by Rule 33.1 and as one document with the brief sought to be filed, and submitted within the time allowed for filing an *amicus curiae* brief, and shall indicate the party or parties who have withheld consent and state the nature of the movant's interest. Such a motion is not favored.

3. (a) An *amicus curiae* brief in a case before the Court for oral argument may be filed if accompanied by the written consent of all parties, or if the Court grants leave to file under subparagraph 3(b) of this Rule. The brief shall be submitted within the time allowed for filing the brief for the party supported, or if in support of neither party, within the time allowed for filing the petitioner's or appellant's brief. The *amicus curiae* brief shall specify whether consent was granted, and its cover shall identify the party supported or