IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DANIEL LAFITTE DUMONDE          *

    Plaintiff,                              *

    v.                                     *         2:06-CV-889-MHT
                                                            (WO)

F.P.C. MONTGOMERY, *et al.*,       *

    Defendants.                        *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court for review of Plaintiff's request for immediate injunctive relief as well as declaratory relief filed on October 3, 2006. Plaintiff, Daniel Dumonde, is an inmate confined at the Maxwell Federal Prison Camp. He complains that he is being denied timely access to the courts. In support of this claim, Plaintiff asserts that on July 5, 2006 he received notice from the United States Supreme Court that he had 90 days to submit a petition for certiorari with respect to a pending appeal.

Two months and nine days later, Plaintiff submitted an inmate request for a 10-day legal idle for purposes of preparing a certiorari petition to the United States Supreme Court. On September 20, 2006 prison officials granted Plaintiff a 7-day legal idle and outlined the parameters and/or restrictions governing the legal idle. On September 27, 2006 Plaintiff received an incident report for being in an unauthorized area during a time when the directives governing his legal idle mandated his presence in the law library. Following a hearing on the disciplinary infraction, the Unit Disciplinary Committee sanctioned Plaintiff

by restricting him to his living quarters from September 30, 2006 to October 7, 2006. (Doc. No. 1, Exhs. A-E.)

Plaintiff contends that after prison officials "grudgingly granted" him a seven-day legal idle, they proceeded to restrict and unconstitutionally restrain his ability to utilize the legal idle "to the appropriate benefit of the cause by imposing unreasonable conditions" on the legal idle.[1] (Doc. No. 1 at pg. 8.) On or about the last day of his seven-day legal idle, Plaintiff received a disciplinary infraction for violating the terms of the legal idle. With four days remaining of the 90 days within which Plaintiff had to submit his certiorari petition, prison officials restricted Plaintiff to his living quarters. Plaintiff contends that this conduct interfered with his ability to access the courts by prohibiting him from preparing documents associated with his petition for certiorari.[2]

Plaintiff seeks issuance of a declaratory judgment issued to all Defendants as a result of the Warden's "demonstrated apathy and indifference to the arbitrary and malicious acts of

---

[1] Plaintiff's legal idle contained the following conditions:

1) Your normal work detail hours are from 0600 hrs until 1430 hrs. The Law Library does not open until 0830hrs, therefore you are to report to your official work detail of C08 Custody AM from 0600 hrs until 0815 hrs. From 0830 hrs until 1430 hrs your place of duty is the law library. From 0815 hrs until 0830 hrs, you are allowed to gather any legal materials necessary to bring to the law library. You are permitted to depart the law library only for the following reasons: a) 30- minute lunch break, b) official call-out, or c) official medical necessity.

(Doc. No. 1, Exh. C.)

[2] Interestingly, Plaintiff dedicated a portion of the limited time remaining for preparing his petition for certiorari to the filing of this complaint.

her staff concerning the grievances" discussed in the complaint. Without the court's involvement in the matters complained of, Plaintiff asserts that he will potentially suffer greater deprivations of his ability to access the courts. (Doc. No. 1 at pgs. 10-11.)

## I. DISCUSSION

The Prison Litigation Reform Act requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Title 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

"Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Moreover, exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998).

The court concludes from the face of the complaint that the Plaintiff has failed to exhaust available administrative remedies. (*See* Doc. No. 1 at pgs. 2-3.) In the civil context, the inadequate nature of an administrative remedy does not preclude the application of a

mandatory exhaustion requirement. *See Alexander,* 159 F.3d at 1325-28. "The Bureau [of Prisons] has established regulations governing formal review of inmate complaints relating to any aspect of imprisonment. *See* 28 C.F.R. §§ 542.10 to .16 (1989). These regulations . . . set out the procedures that prisoners must pursue prior to seeking relief in the district court. . . If, and only if, the defendant has pursued his administrative remedy may he seek relief in the district court." *United States. v. Herrera,* 931 F.2d 761, 764 (11th Cir.1991).

The pleadings affirmatively reflect that Plaintiff has not yet exhausted an available administrative remedy challenging the actions about which he complains in the instant cause of action. The court, therefore, concludes that the claims for relief presented in this complaint should be dismissed.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an available administrative remedy.

It is further

ORDERED that the parties may file objections to the Recommendation on or before 20 October 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of October 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE