IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

RECEIVED
2006 OCT 17 A 9: 42

[illegible] P. HACKETT, C[L].
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

DANIEL LAFITTE DUMONDE       *
  Plaintiff,              *
                               *
V.                             *  2:06-CV-889-MHT
                               *  (WO)
F.P.C. MONTGOMERY, et.al.,     *
  Defendants.             *

EMERGENCY MOTION TO PREVENT IRREPERABLE INJURY-
AND OBJECTIONS TO MAGISTRATE'S RECOMMENDATION

 COMES NOW PLAINTIFF, DANIEL LAFITTE DuMONDE, and files in this Honorable Court this Emergency Motion for **Declatory Relief**, and- that this Motion seeking same is premised on the following **Objections to the Magistrate's Recommendation**. In support of this **Exigent Cause**, plaintiff would object and state as follows:

 That in all respect to this court, Plaintiff believes that the Magistrate has not accurately considered the particularly **Egregious** Circumstances by which Plaintiff remains. That is,- Plaintiff is in the Court of Last Resort, The Supreme Court. Having taken an Extraordinary Writ there-where he asserts that his issues are so very fundamental that the likelihood of relief there, IS GUARANTEED BY THE CONSTITUTION. His issue are factually complex. The civil case(s) for which he seeks Certiorari, are related to his criminal appeal issues.

 The facts surrounding the instant cause are thus: PLAINTIFF IS BEING DENIED MEANINGFUL JUSTICE BY THE DEFENDANTS-WHO ARE AND CONTINUE TO ARBITARILY ACT OUTSIDE THEIR OWN POLICY.

(PAGE ONE)

THE PLAIN ISSUE HERE IS THAT **PLAINTIFF IS BEING DENIED BASIC RIGHTS UNDER COLOR OF AUTHORITY** by **HARRASSMENT** and Personal- and vindictive actions of the Defendants. Said **Personal and Unreasonable acts** having serious consequences to the **1st and 5th Amendment Rights of this Pro-Se litigant/Appellant.** That Plaintiff HAS SUFFERED IRREPERABLE INJURY ALREADY, and except for this Court's intervention, likely to suffer additional Injury.

I. OBJECTION: EXHAUSTION OF ADMINISTRATIVE REMEDY.

PLAINTIFF HAS EXHAUSTED ADMINISTRATIVE REMEDY PREVIOUSLY CONCERNING ANOTHER "LEGAL-IDLE" ISSUE, where the actual issue became there-**THIS INMATE WAS BEING DEPRIVED OF THE GRIEVANCE PROCEDURE-ITSELF**, WHICH IN TURN-**DENIED HIS RIGHT TO ADMINISTRATIVE APPEAL.** (SEE- EXHIBIT EXHAUSTING THIS ISSUE,-BP-11, ATTACHED)

Grievances submitted routinely **disappear** when the content is complaining of Unauthorized Acts of Staff Members. The staff-(herein defendants)-will then claim to not have any knowledge of what became of the particular grievance form, and refuse to discuss-it.

Therfore, Plaintiff **OBJECTS** that to force him to Additionally Exhaust would be unfair, when this procedure can be shown here to have been previously **ineffective/futile.** Moreover, without Emergency Assistance from this court, the circumstance by which he remains will **effectively DENY ANY RIGHT TO IMMEDIATE-MEANINGFUL ACCESS TO THE COURTS.** That is, if a meaningful grievance procedure was or had been in place at this instituition, Plaintiff would not now be having to seek this court's Assistance in this matter.

(PAGE TWO)

Please note the content of the attached Exhibit, a **BP-11, to the General Counsel in Washington, D.C.**, where it complains that -"I HAVE BEEN DENIED THE RIGHT TO APPEAL BY INTENTIONAL ACT OF SUBTERFUGE". That Counsel responded only by saying that my time to appeal the issue was time barred . It became "time barred" by the very fact that it was conveniently "LOST" by Counselor Pierce for some THREE MONTHS, who then claimed, that although it was submitted to him personally, he had no idea why or how the "BP-9" became "lost". This issue of "disappearing" grievances" was taken up with the Warden, D.DREW, on several occassions. Although Plaintiff always receives "Lip Service"=or promises to "look into" the circumstance, NOTHING AT ALL IS EVER DONE BY WARDEN DREW.

## CAPRICIOUS AND ARBITRARY

Plaintiff submits that his complaint that "EXTRA-ADMINISTRATIVE" (Capricious and Arbitrary) Conditions are being placed upon him are evident by the content and the **very Existence of the the Warden's document** -(previous "Exhibit-"C",reattached) -That is: If the Unit Manager had not been acting outside **BOP Policy**, No Warden's letter granting the Legal Idle would exist. Additionally, the content placing UNREASONABLE RESTRICTIONS NOT CONTAINED IN B.O.P POLICY Going to Work first for TWO HOURS" ALLOWING ONLY 15-MINUTES TO GET NECESSARY DOCUMENTS TO PREPARE THE CERTIORARI APPEAL-PLEASE NOTE THAT WE ARE TALKING ABOUT MORE THAN ONE THOUSAND PAGES ON THIS ONE CERTIORARI APPEAL ALONE)- and then the additional extra condition of Not being able to leave the Law Library-Except for -(c) "Offcial Medical necessity". Then when the "medical Exception" is untilized by Plaintiff, HE IS PUNISHED FOR EXERCISING THE ALREADY **ARBITRARY-**RESTRICTION OF MEDICIAL EXCEPTION.* Plaintiff is also lawfully-
-disabled.

<u>DAMAGE ALREADY SUSTAINED</u>

-PLAINTIFF SUBMITS THAT THE UNREASONABLENESS OF THE STAFF AND WARDEN ARE MANIFEST APPARENT HERE. Again, the Warden **KNEW SHE HAD TO GRANT THE LEGAL IDLE IN ACCORDANCE WITH POLICY. HOWEVER, AS PREVIOUSLY ASSERTED, HER WAY OF TAKING UP FOR THE UNIT MANAGER'S BAD CONDUCT-WAS TO PLACE THE UNREASONABLE "EXTRA"- RESTRICTIONS ON PLAINTIFF-<u>RESTRICTIONS NOT PLACED ON OTHER INMATES IN LIKE CIRCUMSTANCE</u>**, and in placing the Extra-Restrictions, herself acted outside B.O.P. Policy, for nothing in the Policy allows any such restrictions, and in doing so, has <u>**NOW CAUSED PLAINTIFF TO FORFEIT ANY CHANCE ON THIS PARTICULAR-CERIORARI APPEAL ALREADY**</u>, AS HE COULD NOT MEET THE DEADLINE.

<u>**OBJECTION 2.**</u>     <u>**OBJECTION TO MAGISTRATE'S FOOTNOTE-2**</u>

While this Court has found it "interesting" that: "Plaintiff--dedicated a portion of the limited time remaining for preparing his certiorari to the filing of this complaint". To **clarify this-**
1. **I submit that it be understood by lay person at law, that the "filing of a simple complaint" and the filing of a "Certiorari -Appeal" are the difference in - 60-Minutes and** some (10) <u>**TEN-DAYS NEEDED TO COMPLY WITH THAT COURT'S STRICT APPELLATE RULES OF FORM AND LEGAL ARGUMENTS TO A FACTUALLY COMPLEX CASE.**</u>

Also, it became apparent that Plaintiff would be UNABLE, at the time complaint was filed-**OCT 2, 2006,** to meet the imminent deadline of **OCT.3,** he therefore, restricted to his cube, hand wrote the complaint and transfered the preparation and typing to another inmate-who could access the Law Library in effort to prevent future Injustice on his remaining Certiorari-and Habeas Corpus Issues that remain timely before the Supreme Court.

**(PAGE FOUR)**

## IN CONCLUSION

Plaintiff has been subjected to Arbitrary Personal Decisions made by the Defendants <u>OUTSIDE OF THEIR OWN B.O.P. POLICY</u>. That the said acts have already caused irreperable Injury depriving Plaintiff of Rights to Appeal and fundamental Constitutional Guarantees to Due Process of Law.

The Grievance Proceedure-<u>ON THE ISSUE OF BEING DEPRIVED OF RIGHT TO APPEAL-(ON THE ADMINISTRATIVE LEVEL)-HAS ALREADY BEEN EXHAUSTED AS MUCH AS DILIGENTLY POSSIBLE</u> PRIOR TO THE INSTANT EVENTS -By Exhausting the issue to Washington, this fact demonstrating Plaintiff's Circumstance. His grievances are NOT BEING HEARD HERE, and other attempts to Resolve the SERIOUS ISSUES with the Warden, are met with failure and indifference. There exists <u>No Opportunity for adequate Relief</u>, -Additional Administrative Appeal would take -<u>Months</u>, whereby such time has lapsed that there <u>WILL NOT BE ANY TIME LEFT TO TIMELY APPEAL OF ANY OTHER REMAINING ISSUES WHERE PLAINTIFF SEEKS CERTIORARI APPEAL</u>.

Plaintiff has been and likely to be subjected to continued -<u>HARRASSMENT</u>, as the mind set of defendants has been demonstrated. THE FIRST AMENDMENT to the U.S. Constitution entitles Plaintiff to petition this Court for this Grievance. Plaintiff is NOT ASKING THIS COURT OR DEFENDANTS FOR <u>ANYTHING MORE,-NOR LESS THAN WHAT B.O.P POLICY AND THE CONSTITUTION REQUIRES</u>.

ON THE ABOVE PREMISES CONSIDERED, Your Plaintiff Prays for a declatory Judgement issued to Defendants, defining RULE 36(1) of The Supreme Court, and declaring his right to Access the Law Library, and thus The Courts, free of Arbitrary Personal and Vindictive Harrassments which impede his ability to Appeals.

By his Objections and facts (Re)-Asserted here by Emergency Motion the Question to this Court here, is thus:

(1.) DOES THIS INMATE AND PRO-SE APPELLANT HAVE THE RIGHT TO BE FREE FROM ARBITRARY, VINDICTIVE AND PERSONALLY MADE EXTRA-ADMINISTRARTIVE ACTIONS THAT IMPEDE, IMPAIR AND DEPRIVE PLAINTIFF OF HIS ABILITY TO PREPARE AND SUBMIT HIS PLEADINGS AND APPEALS TIMELY TO THE COURTS?

THIS OBJECTION AND **EMERGENCY MOTION-**
RESPECTFULLY SUBMITTED,
THIS __12__ DAY OF OCTOBER, 2006,

By-

/s/ *Daniel L. DuMonde*
DANIEL L. DuMONDE, PLAINTIFF, PRO-SE
#21609-001, MOBILE-B
F.P.C. MAXWELL AIR FORCE BASE
MONTGOMERY, ALABAMA, 36112

PROOF OF SERVICE:
I SWEAR That I have caused True Copy of FOREGOING TO BE placed in the Mail-Box of this Institution, Post-Paid & Addressed to: WARDEN, D. DREW, F.P.C. MONTGOMERY 36112,
— 10/12/06
SWORN by TITLE 28-§1746
*Daniel DuMonde*

(PAGE SIX)

**U.S. Department of Justice**
Federal Bureau of Prisons

**RESPONSE TO INMATE REQUEST**

---

From: **DUMONDE, Daniel**         21609-001         Mobile B         FPC Montgomery
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.         UNIT            INSTITUTION

**RESPONSE/DISPOSITION**

This is in response to your Inmate Request to Staff dated September 14, 2006, in which you request ten days legal idle for the purpose of Certiorari Appeal to the U.S. Supreme Court.

We have reviewed your request and discussed this issue with the Regional Counsel, Southeast Regional Office, and have determined that your requests for legal idles are in excess of the normal. However, based upon your attached submission of a letter from the court which indicates that there is an imminent deadline October 3rd, 2006 for the submission of the Appeal, you are being granted seven days of legal idle. Further, your request is being granted under the following conditions. If at any time it is discovered that you are not in compliance with the following parameters, then your legal idle request is terminated effective the time of offense.

1) Your normal work detail hours are from 0600 hrs until 1430 hrs. The Law Library does not open until 0830 hrs, therefore you are to report to your official work detail of C08 Custody AM from 0600 hrs until 0815 hrs. From 0830 hrs until 1430 hrs your place of duty is the law library. From 0815 hrs until 0830 hrs, you are allowed to gather any legal materials necessary to bring to the law library. You are permitted to depart the law library only for the following reasons: a) 30-minute lunch break, b) official call-out, or c) official medical necessity.

2) While you are on official legal idle time, you are to be working on the case of **Dumonde v. Jefferson City Sheriff, et al.** and **ONLY** this particular case. You are not to be working on any other legal matter during this time. Further, according to Regional Counsel, Southeast Regional Office, staff members do have the authority to verify that the legal matters you are working on pertain to the above mentioned case.

I trust this information is responsive to your concerns.

9/20/06
DATE

[signature]
SIGNATURE

EXHIBIT-"C"

| U.S. Department of Justice | Central Office Administrative Remedy Appeal |
|---|---|
| Federal Bureau of Prisons | *BP-9, and BP-10 ATTACHED. |

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: **DUMONDE, DANIEL, L.**    **#21609-001**    **MOBILE-B**    **F.P.C. MONTGOMERY**
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A—REASON FOR APPEAL   -I HAVE BEEN DENIED THE RIGHT TO THE DUE PROCESS OF ADMIN-
-STRATIVE REMEDY AND APPEAL, by Apparent act of intentional SUBTERFUGE.

1. Seeking Appeal of UDC Sanction for failing to be at work, and 20-HOURS OF EXTRA-DUTY, a BP-9 was submitted to Counselor, Mr. Pierce, (FILED MARCH 21,'06)

2. A Response was Due to the BP-9, on APRIL 10, 2006.

3. On MAY 30, I complained to Pierce that NO RESPONSE WAS EVER FORTHCOMING,- and this is reflected by the "print out" Receipt, Attached to BP-10).

4. I SUBSEQUENTLY FILED A BP-10, explaining that the BP-9-WAS NEVER RECEIVED.

5. Dated June 7, 06, Region returned the BP-10 stating that (REMARKS): (I) HAD 20 DAYS FROM 3-31-2006 TO APPEAL TO THE REGIONAL OFFICE". (REJECTED)

6. ON JUNE 26, 2006, I RECEIVED THE BP-9-BACK IN THE INMATE MAIL, which was-signed by the Warden on 3-31-2006. I again complained to COUNSELOR PIERCE, WHO CLAIMED HE DID NOT KNOW WHY OR HOW THE BP-9 DISAPPEARED FOR THREE MONTHS.*

DATE JULY 3, 2006    SIGNATURE OF REQUESTER

Part B—RESPONSE    *I EXPECT EXPUNGEMENT-AND INVESTIGATION OF THIS MATTER.

RECEIVED JUL 20 2006 Administrative Remedy Section

---

DATE    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE    CASE NUMBER: _____

Part C—RECEIPT    CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
APRIL 1982