IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DANIEL LAFITTE DuMONDE,       *
       Plaintiff,           *
                             *
V.                            *       Case No. 2:06-CV-889-MHT
                             *           (WO)
F.P.C. MONTGOMERY, et.al.,    *
       Defendants.          *
_____/

## OBJECTIONS TO RECOMMENDATIONS OF THE MAGISTRATE,- AND COURT'S ORDER OF NOVEMBER 3.

COMES NOW THE PLAINTIFF, DANIEL LAFITTE DuMONDE, by and through himself, in Pro-Se, and **OBJECTS TO THIS COURT'S ORDER AND ANY ADOPTION OF THE RECOMMEDATIONS OF THE MAGISTRATE THAT THE ABOVE COMPLAINT BE DISMISSED.** IN FURTHER OBJECTIONS, SPECIFICALLY AS FOLLOWS:

Plaintiff has filed a valid complaint seeking relief from Arbitrary and Capricious Acts of the Defendants, which said acts have deprived Plaintiff of Due Process of Law by impeding and impairing his Ability to prepare briefs necessary to access the courts, inter alia, Certiorari Appeals to The Supreme Court. That the acts by the Defendants have caused irreperable injury already in one instance, causing forfeiture of an Appeal deadline. Any fair examination of the facts of Plaintiff's complaint will show that the defendant's acts were **made outside Bureau of Prison Policy,** suffice to say, **The United States Constitution's fundamental gurantees to Due Process concerning the access to the Courts,** and as extended to inmates of an -

(PAGE ONE)

-institution, as in Plaintiff's circumstance.

**OBJECTION No.1.**

In the DISCUSSION by this Court, the Court has cited **Three** - previous civil actions/appeals that have been dismissed as "failure to state a Claim", or "Frivolous". This Court's reliance on Plaintiff's previously dismissed civil actions, and this as a violation of **28 U.S.C. §1915(g)**, is ERRONEOUS AND MISPLACED.

The Court has cited the following cases as criteria for denying relief in the insatnt claim:

**(1.) DuMonde V. Campbell**, 3:00 CV-138-TJC(MD- Tenn. 2000). This Complaint was filed **DURING A PREVIOUS INCARCERATION,** and sought INJUCTIVE RELIEF ONLY from an Erroneously Calculated **State of Tennessee** Probation, that was affecting the Previous Federal sentence, by raising his custody level. It did not, as claimed by the Tennessee Federal Judge, "fail to State a Claim". It was believed at the time that the U.S. Judge **(Campbell)**, dismissed that claim, as he was some family Relation to the Respondent Probation Officer in Tennessee, also named **CAMPBELL. Plaintiff did not pursue Appeal, as he was serving a very light sentence, and was to be released within Four Months of the dismissal of that complaint.**

**(2.) DuMonde V. U.S. Marshals Office, et. al.,** (2001), Civil ACtion No. **2:99-CV-2081-WNA (N.D. Ala. 2001)** Plaintiff brought this action after being injured in a NEGLIGENT AUTO-INCIDENT BY U.S. MARSHALS. Upon his release, Pro-Se Plaintiff turned this case over to Attorney **DAVID GESPASS**, of Gespass and

(PAGE TWO)

-Johnson Law Firm of Birmingham, Alabama. Atty. Gespass proceeded to negligently allow a deadline for response to lapse, resulting in this valid complaint's dismissal, through No Fault of this Plaintiff. Unfortunately, the civil-action remained as Pro-Se Plaintiff's Cause, at the time of Atty. Gespass' negligence. Plaintiff **Remains Permanently Disabled Directly Due to The Auto-Incident by involving The U.S. Marshals, and was Legally declared Disabled in 2001, by a Federal Administarative Judge,** from the incident.

-PLAINTIFF SHOULD NOT BE NOW PREJUDICED IN HIS CURRENT CAUSE, DUE TO HIS MISPLACED TRUST IN AN INEFFECTIVE LAWYER. THAT THE CIVIL ACTION WAS **OTHERWISE A VALID CLAIM, IS SUSTAINED BY THE FACT THAT PLAINTIFF PURSUED THIS ACTION EVEN AFTER HIS RELEASE FROM PRISON in 2000, AND BY THE FACT THAT AN FEDERAL ADMINISTRATIVE JUDGE IN BIRMINGHAM, DECLARED PLAINTIFF LEGALLY MEDICALLY DISABLED IN PART, FROM THE VERY FACTS OF THIS CLAIM.**

(3) DuMONDE v. JEFFERSON CO. CIR. COURT, Et. Al. 2:05-CV-721--SLB **(N.D. Al. 2006)** THIS APPEAL HAS BEEN ERRONEOUSLY DECLARED "FRIVOLOUS". That is, the District Court Judge, dismissed this complaint-WITHOUT PREJUDICE, because the same set of facts **were on APPEAL. THESE VERY SAME SET OF FACTS, WHICH CLAIM , inter Alia, AN ILLEGAL ARREST AND UNCONSTITUTIONAL SIEZURE OF MY PERSON, ARE IN FACT THE SUBJECT OF A WRIT OF HABEAS CORPUS TO THE SUPREME COURT.**

THE SUIT THERFORE, CANNOT PROCEED UNTIL A FINAL DISPOSITION BY THAT COURT, WHERE RELIEF IS GUARNTEED BY THE U.S. CONSTITUTION. **PLAINTIFF SHOULD NOT BE PREJUDICED IN HIS CURRENT CAUSE BY THIS CIRCUMSTANCE.**

(PAGE THREE)

## OBJECTION 2.

This Court first reviewed the insatnt complaint, and <u>ALLOWED PLAINTIFF TO PROCEED IN FORMA PAUPERIS</u>. Then changing direction, recinded it's Allowance, and forced Plaintiff to submit an sworn and certified affidavit of his prison account, which he did. In that order, the Magistrate also stated she would not hear any of the Written Objections to the proposed dismissal of this complaint, <u>until the verified Prison-Account information was submitted</u>. Upon submission of the requested financial information, this Court now uses **28 U.S.C. 1915(g)** as further impediment to deny hearing the merits of Plaintiff's instant claim. I **OBJECT** that the "On Again" "Off Again" directives of this Court are both confusing, and <u>UNFAIR</u>.

**IN CONCLUSION**, The cited reasons are actually invalid as criteria to dismiss Plaintiff's current complaint. It is also unfair to now demand payment of 350.00, that as shown by certified submission of his Prison Account, he has clearly established his inability to Pay. Plaintiff is entitled to Justice and redress of his valid grievances in this court.

RESPECTFULLY SUBMITTED,

THE ABOVE IS SWORN UNDER PENALTY FOR PERJURY, AND 28.--U.S.C. 1746,

THIS ___9___ DAY OF NOVEMBER, 2006,

By- /s/ _____
DANIEL L. DuMONDE, PLAINTIFF, Pro-Se.
#21609-001, MOBILE-B F.P.C. MONTGOMERY, AL.

(PAGE FOUR)